IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| TINA M. JOHNSON and husband <br> GINO M. JOHNSON, <br><br> Plaintiff, <br><br> vs. <br><br> WAL-MART STORES EAST, LP <br> JOHN DOES 1-5; and <br> XYZ CORPORATIONS 1-5 <br><br> Defendants. | CASE NO. 1:21cv274 LG-RPM |

## NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, LP, (Walmart), gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Harrison County, Mississippi, entitled "Tina M. Johnson and Gino M. Johnson, Plaintiffs v. Wal-Mart Stores East, L.P.," Civil Action No. A2402-2021-00048. The State Court file attached hereto as "Exhibit A" was filed in this action.

2. According to the Circuit Clerk's office for the County Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon

Walmart on May 27, 2021, which was Walmart's first actual notice of this action, however, it was not until receipt of Plaintiff's responses to Walmart's Requests for Admission on July 22, 2021 that Walmart first ascertained that the case is or has become removable.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, within thirty days after the receipt by Walmart of Plaintiff's response to Walmart's Requests for Admission from which Walmart first ascertained that the case is or has become removable pursuant to 28 U.S.C. § 1446 (b). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiffs are now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, citizens of the State of Mississippi. In their Complaint, Plaintiffs state that they are adult resident citizens of Harrison County, Mississippi. (Complaint, ¶ I.).

6. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material

hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7. Plaintiffs' Complaint seeks compensatory damages, and alleges that "As a direct and proximate result of the negligence of the Defendant Wal-Mart, the Plaintiff Tina M. Johnson was caused to suffer serious, permanent, painful and disabling injuries. . . significant medical, hospital, drug, physical therapy and related expenses to date and can reasonably expect future medical expenses for the rest of her life. . . has pat lost wages and can reasonably expect future lost wages and a permanent loss of wage-earning capacity. . . has suffered severe mental and emotional anxiety and can reasonably expect future

mental and emotional pain and suffering." (Complaint, ¶ X). Plaintiff Tina Johnson further alleges that these damages were "the direct and proximate result of the recklessness, negligence, willfulness, wantonness and unlawfulness on the part of the Defendant Wal-Mart." (Complaint, ¶ XI). caused by Plaintiff's husband, additionally asserts a claim for loss of consortium. (Complaint, ¶ XII). In Plaintiff's responses to Walmart's Request for Admission, Plaintiffs deny that their damages "do not exceed the sum of $75,000, exclusive of interest and costs", deny that "[t]his case does not satisfy the 'amount in controversy' requirement of 28 U.S.C. §1332", and deny that they are "not seeking an award of more than $75,000.00 to satisfy all of the claims stated in [their] Complaint."[1] (Exhibit A, Plaintiffs' Responses to Request for Admissions). Federal Courts have held that where, as here, the Plaintiffs' Complaint does not allege a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Norman v. Geico Insurance*, 479 F.Supp 3d 336 (S.D. Miss 2020), quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing party can meet this burden by setting forth the facts in controversy that support a finding of the requisite amount. The District Court can require the parties to "submit summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). Plaintiffs' Responses to Requests for Admissions constitute "summary-judgment-type evidence which proves the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Geico*, *supra*, at 341; *Sprayberry v. Hardee's Food Sys., Inc.,* No. 2:06-CV-209-P-A, 2007 WL 2159305, at *2 (N.D. Miss. July 26, 2007) (plaintiff's refusal to admit or stipulate that she will not accept more than $75,000 in damages is sufficient proof that the jurisdictional amount exceeds $75,000) the. Diversity is complete, and the amount in controversy exceeds $75,000.00, exclusive of costs and interests.

---

[1] Plaintiffs' Responses to Request for Admissions go on to make the question of amount in controversy unmistakably greater than $75,000.

7.  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

8.  Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

9.  If any questions arise as to the propriety of the removal of this action, Walmart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this August 20, 2021.

/s/ *Keith B. Franklin*
W. PEMBLE DELASHMET   (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND   (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET   (MS 2896)
mmd@delmar-law.com
KEITH B. FRANKLIN   (MS105376)
kbf@delmar-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day August 20, 2021, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed and/or via electronic filing:

L. O'Neal Williams, Jr.
Williams, Williams & Montgomery, P.A.
140 Mayfair Rd, Suite 1100
Hattiesburg, MS 39402

*/s/ Keith B. Franklin*
OF COUNSEL